**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2334**

RAS-SELAH: 7 TAFARI: EL,

             Plaintiff - Appellant,

        v.

GLASSER AND GLASSER PLC,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, District Judge.  (2:10-cv-00532-MSD-FBS)

Submitted:  April 29, 2011            Decided:  May 17, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ras-Selah: 7 Tafari: El, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ras-Selah: 7 Tafari: El appeals from the district court's dismissal of his complaint. The district court interpreted the complaint as criminal in nature and dismissed it. A private person may not initiate a criminal action in the federal courts. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints.").*

To the extent that we can discern civil claims in the complaint, the claims fall within the realm of common law torts. Thus, a showing of jurisdiction premised on diversity of citizenship would be necessary for the district court to entertain the complaint. At base, diversity of citizenship requires parties to be citizens of different states or of a domestic state and a foreign state. 28 U.S.C. § 1332(a) (2006).

---

* Ras-Selah: 7 Tafari: El claims that at least part of his authority to prosecute stems from his status as a sovereign. Whatever the nature and jurisdiction of his sovereignty, it does not entitle him to initiate criminal prosecutions in United States courts.

2

"The burden of proving jurisdictional facts rests upon the plaintiff." Haynes v. James H. Carr, Inc., 427 F.2d 700, 704 (4th Cir. 1970). The complaint here not only failed to plead such diversity, but affirmatively pleaded facts undermining the existence of diversity in the jurisdictional sense.

Finding no merit in the appeal, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED